

Driving every day℠

## CONFIDENTIALITY AND POST-EMPLOYMENT AGREEMENT

A. I have been hired by or employed by AmeriGas Propane, Inc., a Pennsylvania corporation which is the general partner of AmeriGas Propane, L.P., to work in the propane distribution business conducted by AmeriGas Partners, L.P. and its subsidiaries, partnerships, and affiliates (collectively "AmeriGas").

B. During the course of my employment, AmeriGas will put me in a position of trust and confidence by disclosing to me Confidential Information about its business and customers. In addition, AmeriGas will entrust me with its customer relationships and expect me to promote those relationships, as well as the goodwill that is associated with those customers and with the AmeriGas trade name/trademarks.

C. Accordingly, in consideration for: (i) my initial employment; (ii) my continued employment; (iii) my promotion; (iv) my incentive compensation payment; and/or (v) my increase in compensation, I agree to the terms of this Confidentiality and Post-Employment Activities Agreement as follows:

1. Recitals.
   The recitals contained in the lettered paragraphs above are hereby incorporated and made a part of this Agreement.

2. Definitions.
   a. The term "Confidential Information" includes, but is not limited to, information, whether in tangible or electronic form or otherwise, concerning business and marketing plans; past, present and prospective customer identities, lists, credit information and gas usage patterns; pricing and marketing policies and practices; financial information; acquisition and strategic plans; and other operating policies and practices.
   b. The term "AmeriGas Customer" refers to any business or person who purchased propane or any other goods or services from an AmeriGas District office at which I worked during the one-year period prior to the termination of my employment or who solicited or was solicited by, or received a proposal from, an AmeriGas District Office to supply it with propane or any other goods or services during the six-month period prior to the termination of my employment.
   c. The term "AmeriGas District Office" shall include (i) district offices, sales and services centers and plants owned, leased or operated by AmeriGas, its predecessors, subsidiaries or affiliates and (ii) district offices, sales and services centers and plants that are subsequently acquired by AmeriGas.

3. Confidential Information and AmeriGas Property.
   a. I will protect the Confidential Information of AmeriGas and its predecessors and affiliates from disclosure and will not, during or after my term of employment, divulge such Confidential Information or use it for the benefit of any person or entity not associated with AmeriGas.
   b. All reports, manuals, memoranda, computer disks and tapes and other materials made available to me by AmeriGas during the performance of my duties are the property of AmeriGas. I will use all such property exclusively for AmeriGas' benefit and will return it, including copies, to AmeriGas at the termination of my employment.

4. Prohibited Activities.
   For a period of two years after the termination of my employment with AmeriGas for any reason:
   a. I will not directly or indirectly solicit the business of any AmeriGas Customer. The term "AmeriGas Customer" is defined as any customer which is located within a fifty aerial mile radius of any AmeriGas District Office where I worked during the two-year period prior to the termination or my employment, and which has purchased products or services from AmeriGas during that two-year period;
   b. I will not directly or indirectly sell or provide propane or any other goods or services sold or provided by AmeriGas as of the date of the termination of my employment to any AmeriGas Customer who is located within a fifty aerial mile radius of any AmeriGas District Office where I worked during the two-year period prior to the termination of my employment; and

9/27/12

**EXHIBIT 1**

    c. I will not employ, offer employment or induce or encourage any other person or entity to employ in any propane-related business, any employee of AmeriGas with whom I worked or who was employed at any AmeriGas District Office where I worked during the last two-year period prior to the termination of my employment. Furthermore, I shall not induce or attempt to induce any employee to terminate his or her employment with AmeriGas.

5. Remedies.
    a. I understand that if I violate this Agreement, AmeriGas will suffer irreparable harm; therefore, in addition to any other remedies available to it, AmeriGas will be entitled to seek and obtain injunctive or equitable relief, including orders prohibiting violations of this Agreement.
    b. In any legal proceeding in which AmeriGas obtains injunctive or equitable relief or damages against me arising out of my violation of this Agreement, AmeriGas shall be entitled to recover from me its reasonable attorney's fees and costs.
    c. The failure by AmeriGas to insist on my compliance with this Agreement or to enforce it in any particular circumstance will not constitute a waiver by AmeriGas of its rights to seek relief for any other subsequent breach of Agreement.

6. Additional Provisions.
    a. This Agreement shall continue to be in full force and effect without re-execution in the event that:
       (i) I am employed by AmeriGas in another position or transferred to another AmeriGas District Office; (ii) I take a leave of absence; or (iii) there are periods between active employments during which I do not perform services for AmeriGas.
    b. I have read and understood this Agreement, believe it to be reasonable and am signing it voluntarily. I recognize the terms of this Agreement will not preclude me from working for another propane company so long as I adhere to its terms and will not otherwise impose an unreasonable economic hardship on me. I further recognize that this Agreement may be enforced against me by a court of law or equity. I also understand that the execution of this Agreement is a requirement of my employment with AmeriGas and that AmeriGas will expect me to adhere strictly to the terms of this Agreement.
    c. I will disclose the existence of this Agreement to all of my prospective and actual employers. I authorize AmeriGas to disclose the existence of this Agreement and to provide a copy of this Agreement to any prospective or actual employer.
    d. The provisions of this Confidentiality and Post-Employment Activities Agreement constitute the entire Agreement between myself and AmeriGas regarding AmeriGas' Confidential Information and my post-employment obligations, which Agreement cannot be varied except by a writing signed by me and the President of AmeriGas Propane, Inc. Notwithstanding the foregoing, the provisions of this Agreement are in addition to, and not a limitation or substitution of, nor do they supersede the provisions of the Code of Business Conduct & Ethics, AmeriGas' Employee Handbook or Human Resources Policies.
    e. I hereby consent to AmeriGas' assignment of this Agreement to any entity that acquires through purchase, merger or otherwise, all or a portion of the assets or stock of, any interest in AmeriGas Propane, Inc. and/or AmeriGas Partners, L.P., and their subsidiaries, partnerships and affiliates.
    f. If any provision of this Agreement shall be determined to be invalid or unenforceable to any extent, the parties to this Agreement authorize the court to modify it to the extent necessary to make the provision enforceable. If any provision of this Agreement shall be determined to be invalid or unenforceable to any extent, such invalidity shall not impair the operation of or affect the remaining provisions hereof.

_Christine Rawlins_
Witness

_Tom McBrayer_
Signature of Employee

_Tom McBrayer_
Print Name

Dated: 4/23/15

9/27/12